**In re MURRAY INDUSTRIES, INC. et al., Debtors.**

**MURRAY INDUSTRIES, INC. et al., Plaintiffs,**

v.

**DEPARTMENT OF REVENUE, STATE OF FLORIDA, Defendants.**

Bankruptcy Nos. 88–7473–8P1 through 88–7488–8P1.

Adv. No. 90–594.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 26, 1991.

Dawn Carapella, Stearns Weaver Miller Weissler Alhadeff & Sitterson, Tampa, Fla., for plaintiffs.

Kent Weissinger, Florida Dept. of Revenue, Tallahassee, Fla., for defendants.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in these Chapter 11 cases involving Murray Industries, Inc., and its fifteen subsidiaries, now substantively consolidated, is a claim filed by the State of Florida on behalf of the Department of Revenue (DOR) and the counterclaim filed by Murray Industries, Inc., against the State of Florida. In Count I of the Counterclaim Murray Industries, Inc. (Murray Industries), seeks a declaratory judgment determining that certain transfers described in the counterclaim are avoidable as a fraudulent transfer pursuant to 11 U.S.C. Section 548(a)(2). In Count II of the Counterclaim Murray Industries realleges through incorporation by reference its general allegations and contends that the DOR as initial transferee is liable to Murray Industries and Murray Industries is entitled to recover an unspecified amount from the DOR.

The DOR initially filed a Motion to Dismiss or Quash Service on the basis that the service was not effected in compliance with Bankruptcy Rule 7004(b)(6). On November 28, 1990, DOR withdrew its Motion to Dismiss or Quash Service. However, DOR filed a Motion to Dismiss the Counterclaim in toto based on the contention that the named Defendant in the adversary proceeding, the DOR, being an agency of the State of Florida is entitled to sovereign immunity; that the DOR did not waive its sovereign immunity and, therefore, this Court lacks jurisdiction to grant monetary relief against the DOR. The Court heard arguments of counsel, considered the record and is satisfied that the following facts are indeed without dispute and it is sufficient to dispose of the Motion under consideration.

Murray Industries and its fifteen subsidiaries filed their respective Petitions for Relief on December 9, 1988. On April 28, 1989, the DOR filed a proof of claim, registered as Claim No. 626 in the amount of $2,294.24 against the estate of Murray Industries, Case No. 88–7473–8P1, based on corporate taxes claimed to be due and owing by Murray Industries for the period ending March 1987, plus interest. On June 29, 1989, the DOR filed an additional proof of claim, registered as Claim No. 799 in the amount of $537.27 again against the estate of Murray Industries based on sales tax claimed to be owing by Murray Industries for the period ending March 1987 plus interest and penalties. It is further without dispute that in June 1988 the DOR issued

two final sales tax assessments against Murray Industries and Murray Cruisers, Inc. (Cruisers). Cruisers is a corporation unrelated to the Debtors, is not involved in these Chapter 11 cases and was at all times material a corporation wholly owned by G. Dale Murray, the former majority stockholder of Murray Industries. On June 27, 1988, Murray Boat Administrative Services, Inc. (MBASI), one of the wholly owned subsidiaries of Murray Industries, issued a check payable to the DOR in the amount of $154,556.23. The payment was made to discharge the liability of Cruisers based on the sales tax assessment made against it by the DOR. It is further without dispute that the funds transferred were funds of one of the Debtors and were transferred to discharge a tax obligation of a non-Debtor. It further appears that on September 11, 1990, this Court entered an Order and substantively consolidated the administration of the estates of Murray Industries, Inc. and its fifteen subsidiaries, including the estate of MBASI.

The Motion to Dismiss the Counterclaim filed by DOR is based on the proposition that DOR did not waive its sovereign immunity under Section 106(a) thus this Court lacks jurisdiction to grant the relief sought by Murray Industries which is a money judgment for the amount paid to DOR by MBASI. In support of this proposition, DOR contends that its claims were filed against Murray Industries and not against MBASI and for this reason the claim asserted against it is at most a permissible counterclaim and, therefore, under Section 106(a) Murray Industries is only entitled under subclause (b) to an offset against the allowed claim of DOR and not entitled to seek an affirmative relief in the form of a money judgment.

In opposition to the Motion to Dismiss of DOR, Murray Industries contends that as a result of the substantive consolidation of the estates of Murray Industries and its subsidiaries, including MBASI, the claim filed by DOR is now deemed to have been filed against all the consolidated estates thus, in effect, was a claim filed against MBASI and, therefore, the transaction under consideration is in fact a compulsory counterclaim which, in turn, brought into play the waiver provision set forth in Section 106 of the Bankruptcy Code. It also should be noted that Count I of the Counterclaim purports to set forth a claim for declaratory relief which, under Section 106(c), prohibits the invocation of sovereign immunity concerning an action for declaratory relief. Even a cursory analysis of the claim set forth in Count I indicates that it is nothing more than a request for a preliminary determination that the transaction under scrutiny is a voidable fraudulent transfer in which the Counter–Plaintiff did not seek an actual money judgment for the amount of the payment involved and Count I, based on the foregoing, seeks the entry of a money judgment in a unspecified amount. No elaborate discussion is needed to point out that it is totally inappropriate and without basis to break up one single fraudulent transfer claim into two components: one which seeks a declaration that the transfer is fraudulent and the second which seeks to recover the amount fraudulently transferred.

The subject of sovereign immunity dealt with by Section 106 entitled "Waiver of Sovereign Immunity" provides, in subclause (a):

> A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Subclause (b) of this Section permits only a setoff against allowed claims of a governmental unit regardless of whether or not the claim against the governmental unit is over a permissive claim. The Court in *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), held that the bankruptcy court lacks jurisdiction to grant a money judgment against a state unless the claim of sovereign immunity has been waived. The Debtor recognizes the validity of this proposition but contends that by virtue of the Order of consolidation, the DOR in fact filed a claim against MBA-

SI by filing a proof of claim against Murray Industries. Thus, the ultimate question is the effect of the Order of substantive consolidation and DOR's right to invoke the doctrine of sovereign immunity.

 The substantive consolidation of several estates means one thing and one thing only—that all assets of the several entities are pooled and all creditors of the several entities are entitled to share in the pooled assets in accord with their respective rights. It would certainly be a violation of due process if the order of substantive consolidation would operate to destroy defenses and rights which existed prior to the entry of the order of substantive consolidation. There is no question in this case that prior to the entry of the order of consolidation, DOR was entitled to invoke the doctrine of sovereign immunity even though it did not file a proof of claim against MBASI but only against Murray Industries. From the foregoing it is clear that the payment of taxes by MBASI of the tax obligation of Cruisers was a transaction totally separate and apart and not connected with the claim filed by DOR against Murray Industries, which was based on Murray Industries' independent tax liability for capital corporate sales tax. This being the case there is hardly any doubt that the counterclaim was at most a permissive counterclaim which in turn did not trigger the waiver of sovereign immunity and the protection granted by Section 106(a) to DOR is limited to Section 106(b) which in turn, of course, would permit the Debtors to offset against the allowed claim of DOR the claim of the estate. This conclusion is not only supported by the statute but also by equity and fairness. This is so because it would be grossly unfair and inequitable to permit DOR to share in the common assets of all these Debtors on one hand and, on the other hand, use the defense of sovereign immunity as a shield against any claims asserted against it by the Debtors just because DOR filed its proof of claim only against Murray Industries and not against MBASI.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted and Counts I and II of the counterclaim are dismissed without prejudice to Murray Industries to institute an appropriate proceeding against Cruisers pursuant to Section 550 of the Bankruptcy Code, if so deemed to be advised.

DONE AND ORDERED.